```
               UNITED STATES DISTRICT COURT
                MIDDLE DISTRICT OF FLORIDA
                      TAMPA DIVISION
```

UNITED STATES OF AMERICA

v.                                    Case No.: 8:16-cr-110-VMC-AEP

CECILIO ESTUPINAN REINA

_____/

**ORDER**

This cause comes before the Court pursuant to Defendant Cecilio Estupinan Reina's pro se Motion for Compassionate Release (Doc. # 116), filed on March 21, 2022. The United States of America responded on April 4, 2022. (Doc. # 118). For the reasons set forth below, the Motion is denied.

**I.  Background**

In August 2016, this Court sentenced Estupinan Reina to 180 months' imprisonment after he pled guilty to conspiracy to possess with intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States. (Doc. # 84). Estupinan Reina is 64 years old and his projected release date is December 12, 2028.[1]

In the Motion, Estupinan Reina seeks compassionate release from prison under 18 U.S.C. § 3582(c)(1)(A)(i), as

---

[1] This information was obtained using the Bureau of Prisons' online inmate locator. See https://www.bop.gov/inmateloc/.

1

amended by the First Step Act, because of his advanced age and medical conditions, which include high blood pressure, hypertension, and high cholesterol. (Doc. # 116 at 1). Prior to filing the instant Motion, Estupinan Reina made a request for compassionate release to the Bureau of Prisons ("BOP") on December 5, 2021. (Doc. # 116 at 7-8). His request was denied on December 10, 2021. (Id. at 6). The United States has responded to Estupinan Reina's Motion (Doc. # 118), and the Motion is now ripe for review.

## II. Discussion

The United States argues that Estupinan Reina has failed to identify "extraordinary and compelling circumstances" that would justify granting the instant Motion (Doc. # 118 at 3-6). The Court agrees.

A term of imprisonment may be modified only in limited circumstances. 18 U.S.C. § 3582(c). In the Motion, Estupinan Reina argues that his sentence may be reduced under Section 3582(c)(1)(A)(i), which states:

> the court, upon motion of the Director of the Bureau of Prisons [(BOP)], or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after

> considering the factors set forth in section 3553(a) to the extent they are applicable, if it finds that [ ] extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission.
>
> 18 U.S.C. § 3582(c)(1)(A)(i).

"The First Step Act of 2018 expands the criteria for compassionate release and gives defendants the opportunity to appeal the [BOP's] denial of compassionate release." <u>United States v. Estrada Elias</u>, No. 6:06-096-DCR, 2019 WL 2193856, at *2 (E.D. Ky. May 21, 2019) (citation omitted). "However, it does not alter the requirement that prisoners must first exhaust administrative remedies before seeking judicial relief." <u>Id.</u>

Here, the United States appears to concede that Estupinan Reina exhausted his administrative remedies. (Doc. # 118). However, even if Estupinan Reina has exhausted his administrative remedies, the Motion is denied because he has not demonstrated that his circumstances are extraordinary and compelling so as to warrant release.

The Sentencing Commission has set forth the following exhaustive qualifying "extraordinary and compelling reasons" for compassionate release: (1) terminal illness; (2) a serious medical condition that substantially diminishes the

3

ability of the defendant to provide self-care in prison; or (3) the death of the caregiver of the defendant's minor children. USSG § 1B1.13, comment. (n.1); see also United States v. Bryant, 996 F.3d 1243, 1248 (11th Cir. 2021) ("In short, 1B1.13 is an applicable policy statement for all Section 3582(c)(1)(A) motions, and Application Note 1(D) does not grant discretion to courts to develop 'other reasons' that might justify a reduction in a defendant's sentence."). Estupinan Reina bears the burden of establishing that compassionate release is warranted. See United States v. Heromin, No. 8:11-cr-550-VMC-SPF, 2019 WL 2411311, at *2 (M.D. Fla. June 7, 2019) ("Heromin bears the burden of establishing that compassionate release is warranted.").

First, the Court agrees with the Third Circuit that "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering [the Bureau of Prisons' (BOP)] statutory role, and its extensive and professional efforts to curtail the virus's spread." United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020). And, as the United States points out, Estupinan Reina is fully vaccinated against COVID-19. (Doc. # 118-1).

Here, Estupinan Reina cites to a number of underlying medical conditions, which include high blood pressure, hypertension, and high cholesterol. (Doc. # 116 at 1). However, Estupinan Reina has not demonstrated that these conditions are serious such that they substantially diminish his ability to provide self-care in prison. See USSG § 1B1.13, comment. (n.1); see also United States v. Rodriguez-Campana, No. 18-CR-60250, 2021 WL 602607, at *4-5 (S.D. Fla. Feb. 16, 2021) (denying motion for compassionate release filed by inmate who suffered from hypertension, high cholesterol, prediabetes, and had a history of lung problems, where inmate had failed to demonstrate that "any of his present ailments are terminal, that they substantially diminish his ability to provide self-care within the correctional facility, or that they are not being properly attended to by the BOP."). Nor do these conditions constitute a terminal illness. Thus, Estupinan Reina's medical conditions do not warrant release.

Finally, the 18 U.S.C. § 3553(a) factors do not support compassionate release. Section 3553(a) requires the imposition of a sentence that protects the public and reflects the seriousness of his crime. The Court notes that Estupinan Reina pled guilty to a serious drug offense and, moreover, has served less than half of his prison sentence. The Court

finds that the need for deterrence and to protect the public weighs against release at this time.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Defendant Cecilio Estupinan Reina's pro se Motion for Compassionate Release (Doc. # 116) is **DENIED.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 25th day of April, 2022.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE